# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **BRUCE JACKIM,** *et al.*, | : | Case No. 1:05cv1678 |
| | : | |
| Plaintiffs, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | <u>**ORDER**</u> |
| **CITY OF BROOKLYN,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

Pursuant to this Court's September 7, 2006 Order (Doc. 87), the parties were instructed - in part - as follows with respect to the manner in which the parties (and their experts) shall have access to the tape[1] that is the product of factual discovery in this case:

> Subject to the terms of this Order, and until the Court orders otherwise, the Court shall retain custody and control of the tape. Each party, however, shall be afforded 30 days to examine the tape (through its expert). As a prerequisite to obtaining the tape, each party's expert must execute an appropriate version (*i.e.*, changing names only, where appropriate) of the template affidavit attached to Defendants' joint proposal (*see* Doc. 84-2).  The aforementioned affidavits (by all parties) **shall be filed no later than seven (7) days from the date of this Order**.

On September 12, 2006, Plaintiffs filed an Affidavit of Good Faith of Video Expert Tex

---

[1] All references herein to "the tape" refer to the Sam's Club surveillance videotape that was produced to the Court by Plaintiffs' counsel on July 24, 2006, and which Plaintiff has identified as "the actual tape viewed on the multiplexer machine on June 14, 2006." (*See* Doc. 81).  The method by which both sides (and their experts) were to have access to the tape has been the subject of an ***exhaustive*** dispute, which was conclusively resolved by the Court in its September 7, 2006 Order.  (*See* Doc. Nos. 79, 81, 82, 83, 84, 85 and 87).

Bynum (Doc. 88-2), which was purported to be in compliance with the Court's September 7, 2006 Order. The affidavit, however, it in **blatant** violation of the Court's directive that the affidavits executed by each party's expert conform to the template affidavit attached to Defendants' joint proposal.

In addition to failing to conform substantively to the template affidavit, Plaintiff's affidavit goes significantly further beyond the Court's instructions by inserting **additional personal requests** of Plaintiffs' expert regarding the terms and conditions for each parties' viewing of the tape - requests which were previously considered and rejected by the Court.

On September 14, 2006, Defendants filed a compliant affidavit on behalf of their expert, Hugh E. Aylward (Doc. 89-2). In their Notice of Compliance, Defendants point out the infirmities in Plaintiffs' affidavit and ask the Court to deny the requests of Plaintiffs' expert with respect to the terms and conditions for each parties' viewing of the tape. Defendants correctly note that Plaintiffs' requests will result in unnecessary expense and waste of time for all parties involved.

Because the Affidavit of Good Faith of Video Expert Tex Bynum submitted by Plaintiffs does not conform to the Court's clear instructions with respect to the format of the affidavit, the affidavit is hereby **STRICKEN**. Plaintiffs are instructed to file a compliant affidavit within 5 days of this Order. Failure to comply with the terms of this Order, and the Court's Order of September 7, 2006, will result in sanctions, including a possible prohibition against expert access to the videotape.

**IT IS SO ORDERED.**

                                                  **s/Kathleen M. O'Malley**
                                                  **KATHLEEN McDONALD O'MALLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**Dated: October 10, 2006**