**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRUCE JACKIM,** *et al.*, | : | **Case No. 1:05cv1678** |
| | : | |
| Plaintiffs, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | <u>**ORDER**</u> |
| **CITY OF BROOKLYN,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

    This Order is in response to an *ex parte* communication received by the Court on November 2, 2006, via facsimile transmission from counsel for Plaintiffs (attached hereto as **Exhibit A**). While the communication is characterized as a "status report" filed pursuant to the Court's standing requirements, it does not satisfy the limitations imposed on such reports. Specifically, in the Case Management Plan, the Court ordered the parties to submit regular status reports which are to be <u>purely procedural</u> in nature. The purpose of those reports, as set forth in the Plan, is to inform the Court of discovery that has occurred during the reporting period, any motions that were filed or remain pending, the fact of any settlement negotiations, and whether the parties anticipate a need to deviate from the structures of the Plan. Plaintiffs' communication neither served those purposes, nor limited itself to purely procedural matters.

Relevant to this Order, the *ex parte* communication advises the Court that Plaintiffs intend to file a Motion to Compel on an issue previously discussed <u>at length</u> with the parties - that issue being the requested production of an alleged "original" of a surveillance videotape from Sam's Club. This seemingly endless dispute ended with the Court advising Plaintiffs that the defendants had fully complied with Plaintiffs' discovery request seeking "any ... videotapes" when Defendants advised the Court that any **and all** such videotapes were previously produced to Plaintiffs in response to a subpoena issued in preparation for Plaintiffs' criminal trial.  The Court, therefore, made it clear that further discovery on this issue would be fruitless, as defense counsel for Sam's Club <u>repeatedly</u> advised the Court - and Plaintiffs - that Sam's Club had no additional videotapes in their possession relating to the incident at Sam's Club which forms the basis of this action.

The *ex parte* communication also advises the Court that Plaintiffs intend to file a Motion asking the Court to modify its previous Order of September 7, 2006 (Doc. No. 87).  That Order addresses the method by which both sides (and their experts) may have adequate access to the Sam's Club videotape currently in the Court's possession.  Plaintiffs now seek to impose additional terms and conditions upon Defendants with respect to the viewing of the videotape - terms and conditions which were previously considered and rejected by the Court.

The Court first addresses the procedural impropriety of Plaintiffs' *ex parte* communication. In addition to the requests outlined above, the communication attaches (among other things) a Judgment from the Eighth District Court of Appeals of Ohio relating to Plaintiffs' criminal trial. There is no Notice of Service attached to this substantive communication.  The communication, and its attachments, were not filed electronically with the Court such that the Court could consider the defendants served.  The communication clearly lacks a "cc" line, or any other indication that the

defendants were served with this communication and its attachments. The Court, therefore, attaches the communication - and its attachments - to this Order so that it will be available to the defendants via the Court's electronic docket system. The Court further takes the liberty of independently serving Defendants with a copy of the *ex parte* communication and its attachments.

The Court next addresses the substantive impropriety of Plaintiffs' *ex parte* communication. To the extent Plaintiffs' communication seeks a re-examination of the Court's September 7, 2006 Order (Doc. 87), the request is **DENIED**. The Court's Order stands.

To the extent Plaintiffs' communication seeks to reopen factual discovery relating to the whereabouts of an alleged "original" of the Sam's Club surveillance videotape, the request is **DENIED**. The fact discovery cutoff date of March 3, 2006 was previously extended to April 3, 2006. Likewise, the expert discovery cutoff date of May 15, 2006 was previously extended to June 29, 2006. After these extensions, Plaintiffs' Motion to Reopen Expert Report and Discovery Schedule was partially granted to allow the parties (and their experts) additional time to view the videotape currently in the possession of the Court, and for Plaintiffs' expert to file a supplemental report after this viewing. It was denied, however, to the extent it sought permission to conduct further videotape-related discovery.

The Court views Plaintiffs' request to seek additional discovery on the issue of the whereabouts of an alleged "original" of the Sam's Club surveillance videotape as a ***fact discovery issue***, not an expert discovery issue. It is also an issue that has been exhaustively discussed among the Court and the parties, with Plaintiffs repeatedly being informed that Sam's Club has no other videotapes in its possession relative to the incident at Sam's Club which forms the basis of this action. The Court finds, moreover, that Plaintiffs have mischaracterized the state appellate court

3

order upon which their request to reopen these questions is premised. For these reasons, Plaintiffs' request is **<u>DENIED</u>**.

      **IT IS SO ORDERED.**

                                      **<u>s/Kathleen M. O'Malley</u>**
                                      **KATHLEEN McDONALD O'MALLEY**
                                      **UNITED STATES DISTRICT JUDGE**

**Dated: October 10, 2006**