UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRUCE JACKIM**, *et al.*, | : | Case No. 1:05cv1678 |
| | : | |
| Plaintiffs, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | **ORDER** |
| **CITY OF BROOKLYN**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

Before the Court is Plaintiffs' Motion for Leave to File Motion to Modify or in the Alternative Stay the Order to Deliver the Videotape to Defendants' Counsel (Doc. No. 110-1).

For the reasons set forth below, Plaintiffs' Motion (Doc. No. 110-1) is **DENIED**.

Plaintiffs' counsel is **ORDERED** to personally deliver possession of the videotape to counsel for Defendant Sam's Club *or* to the Court **before noon** on **Wednesday, November 22, 2006** in order to avoid sanctions for contempt of Court.[1]

---

[1] All references herein to "the videotape" refer to the Sam's Club surveillance videotape that was produced to the Court by Plaintiffs' counsel on July 24, 2006, and which Plaintiffs have identified as "the actual tape viewed on the multiplexer machine on June 14, 2006." *See* Doc. 81. The method by which both sides (and their experts) were to have access to the tape has been the subject of an ***exhaustive*** dispute, which was conclusively resolved by the Court in an Order dated September 7, 2006. *See* Doc. Nos. 79, 81, 82, 83, 84, 85 and 87.

## I.  BACKGROUND

Custody of the videotape evidence now in the possession of Plaintiffs has been at the center of a contentious and completely unnecessary discovery dispute. Since the beginning of this action, Plaintiffs have attempted - by every possible means - to prevent the defendants in this case from obtaining any meaningful discovery from Plaintiffs (including the Plaintiffs' own depositions). Needless to say, the Court has had to intervene on numerous occasions simply to bring order into this action.

Pursuant to this Court's September 7, 2006 Order, the parties were instructed as follows with respect to the manner in which the parties (and their experts) shall have access to the videotape:

> Subject to the terms of this Order, and until the Court orders otherwise, the Court shall retain custody and control of the tape. Each party, however, shall be afforded 30 days to examine the tape (through its expert). As a prerequisite to obtaining the tape, each party's expert must execute an appropriate version (*i.e.*, changing names only, where appropriate) of the template affidavit attached to Defendants' joint proposal (*see* Doc. 84-2). The aforementioned affidavits (by all parties) **shall be filed no later than seven (7) days from the date of this Order**.
>
> Upon the filing of Plaintiffs' expert's affidavit, Plaintiffs' counsel personally shall retrieve the tape from the Court. Delivery of the tape to Plaintiffs' expert must be in person by Plaintiffs' counsel. Plaintiffs may retain the tape for 30 days from the date their counsel retrieved it from the Court.
>
> Upon the expiration of their 30-day examination period, Plaintiffs' counsel immediately, and in person, shall provide the tape to the Defendants' counsel. Delivery of the tape to Defendants' expert must be in person by Defendants' counsel. Defendants may retain the tape for 30 days from the date their counsel receives it from Plaintiffs' counsel.
>
> At the conclusion of the Defendants' 30-day examination period, Defendants' counsel shall personally return the tape to the Court. On

> the same day, Defendants shall file a "Notice" indicating their return of the tape to the Court. **The parties shall have 30 days from the date Defendants' counsel returns the tape to the Court to complete any tape-related discovery**.

*See* Doc. No. 87 (emphasis in original).

On September 12, 2006, Plaintiffs filed an Affidavit of Good Faith of Video Expert Tex Bynum, which was in *blatant* violation of the Court's directives. *See* Doc. No. 88-2. In addition to failing to conform substantively to the template affidavit, Plaintiff's affidavit went significantly further beyond the Court's instructions by inserting **additional demands** of Plaintiffs' expert regarding the terms and conditions for each parties' viewing of the tape - requests which were previously considered and rejected by the Court.

After yet another delay occasioned by Plaintiffs, the Court issued another Order and Plaintiffs submitted a compliant Affidavit on October 12, 2006. *See* Doc. Nos. 94, 97. Plaintiffs' counsel personally retrieved the videotape from the Court on October 20, 2006. *See* Doc. No. 101. According to the September 7, 2007 Order, Plaintiffs' counsel was required to personally deliver the videotape to defense counsel on November 20, 2006.[2] Once again, however, Plaintiffs waited until the last possible second - late Friday afternoon - to file their latest Motion, filing it two days before they were due to deliver the tape to defense counsel.

Plaintiffs' Motion is entirely premised on the fact that, on October 3, 2006, the Eighth District Court of Appeals for Ohio reversed Bruce Jackim's criminal conviction on grounds that the

---

[2] Plaintiffs' counsel was actually required to personally deliver the videotape to defense counsel on November 19, 2006; however, defense counsel - in a Joint Brief in Opposition to Plaintiffs' Motion for Leave to File Motion to Modify - has conceded that November 19, 2006 was a Sunday and that Plaintiffs' counsel, therefore, had until November 20, 2006 to execute delivery.

videotape was improperly excluded from his first trial, and remanded Mr. Jackim's case back to the state trial court for retrial, presumably where the videotape <u>will</u> be admitted. Plaintiffs now contend that the videotape is "the best evidence of the incident to be introduced as evidence in the retrial." *See* Plaintiffs' Motion for Leave, p. 1. Plaintiffs express <u>unsubstantiated</u> concerns that there will be an "inadvertent mistake" made by the defendants while viewing the videotape, or worse, evidence tampering, and that the videotape will be ruined. *Id.* Once again, Plaintiffs seek to impose their own conditions on the viewing of the videotape by the defendants - conditions which were not imposed upon Plaintiffs who have had unfettered access to the videotape for months, if not years. They also seek to overturn this Court's well-reasoned method for the exchange of discovery and supplant it with their own views on how civil discovery should be conducted.

In reviewing the ***extensive*** record in this case with respect to the videotape, the Court makes the following findings:

1. It was Plaintiffs - not the defendants in this action - who first received what they now admit is the "best evidence" of the events that occurred at Sam's Club. They received this evidence by a subpoena issued by Bruce Jackim's defense counsel ***immediately*** upon Bruce Jackim's arrest prior to his first criminal trial. Plaintiffs (and their expert), therefore, had more than sufficient time to view the videotape before commencing their federal action. Indeed, Plaintiffs remained in possession of the videotape for **over a year** in this action (from the time the action was transferred to this Court from the state court on June 27, 2005, until the time Plaintiffs turned possession of the tape over to the Court on July 24, 2006 after repeatedly refusing access to it). Defendants, in contrast, have been afforded **no chance whatsoever** to view the videotape, despite the fact that Plaintiffs have filed numerous claims against the defendants; including, but not limited to, Section 1983 claims;

2. In an attempt to avoid releasing possession of the videotape to the defendants (and their experts) during discovery in this action, Plaintiffs made ***numerous*** copies of the videotape, which they claimed should be sufficient for the defendants because they were "fair duplicates" of what Plaintiffs now claim is the "best evidence." Plaintiffs, therefore, have fair duplicates of a tape they have previously claimed and argued is

4

       purportedly not even an original. If the "fair duplicates" were sufficient for the defendants in this action, they presumably should be sufficient for Plaintiffs;

3.     The Court believed it had resolved Plaintiffs' purported "chain of custody" concerns by its Order dated September 7, 2006, whereby the Court retained custody of the videotape with strict, defined rules by which each side (and their experts) could gain access to the videotape. Plaintiffs latest Motion, therefore - filed **two days** before Plaintiffs were to turn the tape over to the defendants, is yet another attempt to prevent **any** access to the videotape by anyone other than Plaintiffs in this action, and is wholly contrary to the civil rules of discovery.

Based on its findings, the Court concludes that Plaintiffs have offered no good reason for their refusal to comply with the Court's Order of September 7, 2006. Their behavior, as throughout this entire litigation, is incomprehensible and borders - again - on sanctionable conduct. Ironically, Plaintiffs' Motion illustrates the precise problems associated with ***prematurely filing a Section 1983 action in federal court while parallel state court criminal proceedings are ongoing***. The Court has repeatedly warned Plaintiffs that their action is legally unsupportable on the basis of well-established federal law[3]; perhaps this will bring the Court's point home.

---

[3]    *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Younger v. Harris*, 401 U.S. 37 (1971); *Wolfe v. Perry*, 412 F.3d 70 (6th Cir. 2005); *Cummings v. City of Akron*, 418 F.3d 676 (6th Cir. 2005); *Wheat v. Ohio*, 23 Fed. Appx. 441 (6th Cir. 2001); *Peterson Novelties, Inc. v. Clinton Township*, 225 F.3d 659 (6th Cir. 2000); *Bar-Tec, Inc. v. Akrouche*, 959 F. Supp. 793 (S.D. Ohio 1997); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995)(Judge Ann Aldrich).

**II. CONCLUSION**

In light of the foregoing, it is

**ORDERED THAT** Plaintiffs' Motion for Leave to File Motion to Modify or in the Alternative Stay the Order to Deliver the Videotape to Defendants' Counsel (Doc. No. 110-1) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs' counsel is to personally deliver possession of the videotape to counsel for Defendant Sam's Club *or* to the Court **before noon** on Wednesday, November 22, 2006 in order to avoid sanctions for contempt of Court**.** Given the short time frame for compliance, the Court will call counsel for both sides to inform them that this Order has been entered.

**IT IS SO ORDERED.**

                                                **s/Kathleen M. O'Malley**
                                                **KATHLEEN McDONALD O'MALLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: November 21, 2006**