# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **BRUCE JACKIM,** *et al.* | : | **Case No. 1:05 cv 1678** |
| | : | |
| **Plaintiffs,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF BROOKLYN,** *et al.,* | : | <u>**ORDER**</u> |
| | : | |
| **Defendants.** | : | |

Pending before the Court are the following Motions filed by Plaintiffs:

    1.    Motion for Leave to File Opposition to Defendant City of Brooklyn's Cross Motion for Summary Judgment as Moot - Instanter (Doc. No. 99-1); and,

    2.    Motion for Leave to File Supplement to Opposition to Defendant Sam's Club's Cross Motion and Motion for Summary Judgment as Moot - Instanter (Doc. No. 100-1).

Briefing is complete on both Motions. For the reasons set forth below, Plaintiffs' Motions (Doc. Nos. 99-1 and 100-1) are <u>**DENIED**</u>.

## I.     BACKGROUND

The Court has detailed the background of this case on numerous occasions.  Only a brief summary of those facts is necessary to understand the Court's ruling on Plaintiffs' pending Motions for Leave.

On May 25, 2003, Plaintiffs were shopping at a Sam's Club store located on Brookpark Road in the City of Brooklyn.  As the cashier was ringing up their purchases, a problem developed with Plaintiffs' claimed "tax-exempt" membership status.  Plaintiffs were advised to complete their purchases and step over to the customer service desk to discuss the problem, and Plaintiffs complied.  Apparently, however, while a Sam's Club customer service employee investigated Plaintiffs' membership status, a dispute occurred at the counter.  In response, an off-duty City of Brooklyn police officer working as security for Sam's Club approached the counter and asked Mr. Jackim for identification.  The request escalated into a physical altercation between the off-duty security officer and Plaintiffs.

Another off-duty police officer from the City of Brooklyn happened to enter the store at some point during the altercation, and attempted to assist the parties.  An undetermined number of on-duty police officers from the City of Brooklyn also arrived on the scene in response to a "911" call.  The end result was that Plaintiffs were taken into custody and subsequently charged with various criminal offenses.  During the course of the criminal investigation, Nina Jackim pled guilty to attempted disorderly conduct.  Bruce Jackim, however, was convicted by a state court jury of resisting arrest and assaulting a police officer.  Plaintiffs appealed that conviction.

Soon after, a civil Complaint was filed by Plaintiffs in this Court alleging Plaintiffs were deprived of their rights to equal protection of the law, were subject to an unreasonable search and

seizure with excessive force, were subject to the defendants' reckless infliction of emotional distress, that the defendants conspired to deprive Plaintiffs of various civil rights, and that the defendants were negligent. All of the claims, including those relating to the underlying arrest and criminal prosecution, were asserted while the state court criminal proceedings (particularly Bruce Jackim's direct appeal to the Ohio Court of Appeals) were still pending.

Early in the civil case, Plaintiffs filed a Motion for Summary Judgment (and attempted to belatedly file a "supplement" to that Motion to raise claims never asserted in the original Complaint or Amended Complaint) prior to any discovery being conducted, including their own depositions, for which a protective order was unsuccessfully sought by Plaintiffs. The Court, on several occasions, cautioned Plaintiffs that their Motion was premature for the reasons that: (1) no discovery had been conducted; and, (2) Bruce Jackim's criminal conviction was the subject of a pending state court appeal. Plaintiffs, nevertheless, insisted their Motion for Summary Judgment - including their arguments relating to the alleged lack of probable cause for Bruce Jackim's arrest and the use of excessive force - was "ripe" for adjudication.

Plaintiffs, therefore, sought judgment as a matter of law on purported claims of: (1) unreasonable search and seizure; (2) excessive force and physical brutality; (3) denial of a "fair trial before an impartial judge;" (4) "miscellaneous statements, remarks, and behavioral acts of the judge during the trial prejudicial to the plaintiffs;" (5) "sundry claims in the complaint;" and, (6) a Section 1983 claim against the City of Brooklyn. Plaintiffs' Motion has since been denied. *See* Doc. No. 94.

Meanwhile, in their Briefs opposing Plaintiffs' Motion for Summary Judgment, both the City of Brooklyn and Sam's Club filed Cross-Motions for Summary Judgment. The Cross-Motion filed by Sam's Club, however, was only a partial Cross-Motion for Summary Judgment. Sam's Club later filed

a separate Motion for Summary Judgment on the remaining claims not addressed in its Cross-Motion.

Plaintiffs timely filed a Response to Sam's Club's Motion for Summary Judgment. **_They did not, however, file an Opposition to either the Cross-Motion for Summary Judgment filed by the City of Brooklyn, or the partial Cross-Motion for Summary Judgment filed by Sam's Club_**. Rather, Plaintiffs filed a response only to the Briefs that were submitted by both defendants in Opposition to Plaintiffs' Motion for Summary Judgment.[1]

Following completion of all briefing on the various Motions for Summary Judgment, the Ohio

---

[1]    Indeed, rather than responding to any of the Cross-Motions, Plaintiffs, in their Response to the defendants' Memoranda in Opposition to Plaintiffs' Motion for Summary Judgment, made the following preposterous statement:

"The Defendants also filed a Motion for Summary Judgment in this case. There is no record of a suit pending against the Plaintiffs in this court. The only litigation which is on record is between the parties in the instant case filed against the Defendants by the Plaintiffs. In this case, Defendants are in a defensive posture in opposition to Plaintiffs' civil rights claims. The Defendants have not invoked the jurisdiction of this court to litigate and to judicially resolve a certain claim against the Plaintiffs."

_See Plaintiffs' Response to Defendants' Memoranda in Opposition to Plaintiffs' Motion for Summary Judgment_, p.1. Plaintiffs, however, pointed to no legal authority which would support their position that a defendant is prevented from filing a Cross-Motion for Summary Judgment against a plaintiff in a civil case. Nor could Plaintiffs do so, since the filing of a Cross-Motion for Summary Judgment is a **_common and everyday litigation practice_** that is specifically authorized - and envisioned - by Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs, moreover, are clearly confused. Neither defendant raised a **direct claim** against the Plaintiffs in their Cross-Motions for Summary Judgment. A direct claim would be accomplished by way of a Counter-Claim against the Plaintiffs in the Answers that were filed by the defendants (or in a supplemental pleading with leave of court), which was not done here. The defendants in this case are simply seeking judgment as a matter of law on the claims asserted against them by way of a Cross-Motion for Summary Judgment in response to Plaintiffs' Motion for Summary Judgment. Contrary to Plaintiffs' position, such a practice is entirely appropriate by parties in a "defensive posture," and the Court undoubtedly has jurisdiction to rule on the Cross-Motions.

4

Court of Appeals issued a Judgment which reversed - and **remanded for retrial** - Bruce Jackim's criminal conviction on grounds that the trial court improperly excluded a videotape claimed to contain a video image of the events that transpired at the Sam's Club on May 25, 2003.[2]  It is pursuant to this Order that Plaintiffs now claim that all pending Motions for Summary Judgment filed by the defendants are "moot."

## II.    PLAINTIFFS' MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT CITY OF BROOKLYN'S CROSS-MOTION FOR SUMMARY JUDGMENT AS MOOT - INSTANTER

Defendant City of Brooklyn filed its Cross-Motion for Summary Judgment on May 3, 2006. Pursuant to Local Rule 7.1(d), Plaintiffs were required to file their Memorandum in Opposition within thirty days (*i.e.*, on or about June 2, 2006).  Plaintiffs never filed a Memorandum in Opposition, nor did they file any other document entitled "response" or "reply" to the City of Brooklyn's Cross-Motion. Plaintiffs likewise did not seek additional time in which to respond to the Cross-Motion.  Rather, they simply contended - in their Response to the City of Brooklyn's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment - that the Court did not have jurisdiction to rule on the Cross-Motion.  *See* Fn.1, *supra.*

Now, nearly four and a half months later, Plaintiffs are seeking leave **for the first time** to file

---

[2]    The Ohio Court of Appeals correctly recognized that the trial court excluded the videotape **solely** as the result of concerns raised by the parties relating to an alleged break in the chain of custody.  The appellate court found that any break in the chain of custody should have gone to the *weight* of the evidence, rather than the *admissibility* of the evidence.  It held, therefore, that the trial court improperly excluded evidence and that a new trial was required.  The Court of Appeals did not, contrary to Plaintiffs' assertions, make any findings as to the *substance* of the evidence.  Specifically, the Court of Appeals did **not** address Plaintiffs' allegations of evidence tampering.  Nor did the trial court - or the appellate court - issue any opinion as to claims of alleged "suppression of evidence" as Plaintiff erroneously contends.

an opposition to the City of Brooklyn's Cross-Motion.  They have not cited to any rule or legal authority supportive of their position that leave should be allowed at this extremely late date, nor have they given any reason for their failure to file an opposition in the first instance.  Plaintiffs simply argue that they should be allowed to file their opposition because the Court of Appeals "reversed" Bruce Jackim's conviction, and that this ruling "moots" the *entire* Cross-Motion filed by the City of Brooklyn.

Setting aside Plaintiffs' glaring exaggeration of the substance and impact of the ruling issued by the Ohio Court of Appeals, this Court - in an abundance of fairness - addresses each of the arguments made in the Cross-Motion for Summary Judgment filed by the City of Brooklyn, and each of Plaintiffs' purported "grounds" for seeking leave to file a belated opposition to those arguments.

**Argument A (City of Brooklyn)**:  **Plaintiff Bruce Jackim's Fourth Amendment wrongful arrest claim should be dismissed as his convictions for assault with peace officer specification and resisting arrest have not been overturned**.

Plaintiffs claim they should be permitted leave to file an excessively late opposition to the Cross-Motion filed by the City of Brooklyn because this argument previously asserted by the City of Brooklyn has since been "mooted" by the Court of Appeals' "reversal" of the state trial court conviction.  After arguing vehemently throughout this case to the contrary, Plaintiffs finally concede that such a finding is required **before** asserting a wrongful arrest claim under 42 U.S.C. §1983, pursuant to the reasoning of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiffs have failed, however, to disclose several critical facts to the Court, including that: (1) the Order issued by the Ohio Court of Appeals reversed and **remanded the criminal case back to the state trial court**; and, (2) the State is in the process of investigating the matter for retrial.

Bruce Jackim was not found "innocent" of all charges by the Court of Appeals, nor can it be said that his conviction is no longer the subject of any state court proceedings.  The City of Brooklyn's

6

request that this Court **dismiss** Plaintiffs' wrongful arrest claim, therefore, is not "mooted" for the obvious reason that there is still the possibility (yet again) of parallel state court proceedings.

Although the Court has exercised judicial restraint throughout this case with respect to Plaintiffs' premature Section 1983 claims, it should not be forgotten that this Court has the authority to *sua sponte* dismiss any claim - including a Section 1983 claim - that is the subject of parallel state court proceedings under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). This applies equally to Section 1983 claims that, if successful, would necessarily **imply the invalidity of a <u>future</u> conviction** on a pending criminal charge. *See Wolfe v. Perry*, 412 F.3d 70 (6ᵗʰ Cir. 2005). The reversal and remand Order issued by the Ohio Court of Appeals has no impact whatsoever on this authority, other than to indicate that state court criminal proceedings are - indeed - still ongoing. Because of this, the City of Brooklyn's request for dismissal of Bruce Jackim's Fourth Amendment wrongful arrest claim is not mooted by the Court of Appeals' reversal and remand Order, and its (unopposed) Cross-Motion has merit.[3]

---

[3]  Indeed, Plaintiffs seemingly recognize the imminency of a criminal retrial. In a filing submitted by Plaintiffs on November 17, 2006, Plaintiffs sought to overturn this Court's prior Order allowing the defendants - and their expert - access to the videotape purporting to show the events that occurred at Sam's Club. In that Motion, Plaintiffs contended that the videotape is crucial evidence in the **<u>pending criminal retrial</u>** of Bruce Jackim and, therefore, Plaintiffs should retain custody of the videotape. By that Motion, therefore, Plaintiffs have conceded the state court criminal proceedings are still ongoing. They have also illuminated the **precise reason** why it is inappropriate for them to pursue parallel litigation in federal court - by way of a Section 1983 claim for wrongful arrest, excessive force, and unlawful seizure - when a state criminal investigation and proceeding requiring the same physical evidence is ongoing.

**Argument B (City of Brooklyn)**:　　**Plaintiff Bruce Jackim's Fourth Amendment excessive force claim should be dismissed as his convictions for assault with peace officer specification and resisting arrest have not been overturned.**

Again, Plaintiffs claim they should be granted leave to file a belated opposition to the Cross-Motion filed by the City of Brooklyn because this argument previously asserted by the City of Brooklyn has since been "mooted" by the Court of Appeals' "reversal" of the state trial court conviction - which is required before asserting an excessive force claim under 42 U.S.C. §1983, pursuant to the reasoning of *Heck v. Humphrey*, 512 U.S. 477 (1994). For the same reasons discussed previously, the Court finds Plaintiffs' arguments to be without merit. The City of Brooklyn's request for dismissal of Bruce Jackim's Fourth Amendment excessive force claim is not mooted by the Court of Appeals' reversal and remand Order, and its (unopposed) Cross-Motion has merit.

**Argument C (City of Brooklyn)**:　　**The Brooklyn Defendants are entitled to judgment on Plaintiff Nina Jackim's wrongful arrest claim as she is precluded from raising the claim based upon her no contest plea and there was ample probable cause for her arrest.**

In response to this argument made in the Cross-Motion for Summary Judgment filed by the City of Brooklyn, Plaintiffs argue that "the deliberate suppression of the videotape creates an adverse inference that there was no probable cause for the arrest of Plaintiff Nina Jackim." *See Plaintiffs' Motion for Leave to File Opposition to Defendant City of Brooklyn's Cross Motion for Summary Judgment as Moot - Instanter*, p. 8. Plaintiffs believe leave should be granted to file a belated opposition because, according to their view of the Opinion issued by the Court of Appeals, the Court of Appeals found that ***the defendants in this case*** "suppressed" crucial evidence in the state court criminal trial.

Setting aside the fact that the City of Brooklyn had nothing to do with the criminal prosecution

8

of Plaintiffs and, therefore, cannot be said to have "deliberately suppressed" evidence in that case, and also setting aside the fact that Nina Jackim likewise was not involved in the criminal trial proceedings because **she previously pled "no contest" to the criminal charges filed against her**, the Court of Appeals' ruling has no impact on the arguments raised by the City of Brooklyn with respect to Nina Jackim. This is for the simple reason that, contrary to what Plaintiffs believe, the Court of Appeals ***did not make any findings whatsoever*** relating to the alleged "suppression of evidence" by any party. The Court of Appeals merely found that the trial court improperly excluded - not suppressed - evidence due to purported chain of custody concerns.

Plaintiffs' request, therefore, for leave to file an excessively late opposition to the Cross-Motion filed by the City of Brooklyn on the *clearly erroneous* belief that the Court of Appeals found there was a "deliberate suppression of evidence" (and that this somehow has an impact on a party who pled "no contest" to criminal charges) is not well taken. The ruling issued by the Court of Appeals regarding improper exclusion of evidence by the state trial court - and its reversal and remand Order - has no impact whatsoever on the City of Brooklyn's request for judgment as a matter of law on the wrongful arrest claim asserted by Nina Jackim; a crime to which she pled "no contest." Nor is the City's request for summary judgment on this claim mooted, and its (unopposed) Cross-Motion has merit.

**Argument D (City of Brooklyn)**: **Plaintiff Nina Jackim's excessive force claim should be dismissed as she has admitted no excessive force was used against her.**

In response to this argument, Plaintiffs contend - for the first time - that Nina Jackim "explained at a status conference" held by this Court in May 2006 how she was "handcuffed to a bench for two hours and then placed in a holding cell for 5 hours without contact with any human while held at the City of Brooklyn Police Station." *See Plaintiffs' Motion for Leave to File Opposition to Defendant City*

9

*of Brooklyn's Cross Motion for Summary Judgment as Moot - Instanter*, p. 8.  Again, setting aside the fact that **Nina Jackim pled "no contest" to the criminal charges filed against her**, and admitted in her deposition that no excessive force was used against her, and also setting aside any evidentiary issues relating to unsworn statements made at a status conference, this is an argument that was clearly available to Plaintiffs on or before June 2, 2006 when their Memorandum in Opposition was due.  It cannot be disputed that Plaintiffs have known about any alleged "mistreatment" of Nina Jackim since long before this case was filed.

Plaintiffs' rendition of the treatment of Nina Jackim is not "new" evidence, and it has nothing whatsoever to do with the ruling issued by the Court of Appeals regarding the trial court's improper exclusion of evidence and the Court of Appeals' reversal and remand Order.  This is simply an attempt by Plaintiffs' to belatedly file an argument ***never raised in the first instance***.  Plaintiffs cannot be permitted to utilize the ruling issued by the Court of Appeals as a means by which to file an opposition - and to make new arguments - that were due over four months ago.

**Argument E (City of Brooklyn)**:     **Plaintiffs' claim regarding denial of a fair trial before an impartial judge and prejudicial remarks and statements of the criminal trial judge should be denied as it was not raised in the Amended Complaint and is alleged against persons who are not parties in this lawsuit.**

As has been explained to Plaintiffs *time and again* throughout this case, they have no pending Cause of Action relating to their alleged claims of "lack of a fair trial before an impartial judge."  There

is, therefore, nothing for this Court to consider as it relates to this claim.[4]

Moreover, even if such a Cause of Action was legally sustainable in this Court at this time, it would **not** be properly asserted against the City of Brooklyn for the obvious reason that the City of Brooklyn had no involvement in prosecuting the state criminal charges, and was not a party to those proceedings. It is obvious to the Court that Plaintiffs are dissatisfied with the alleged treatment (and statements made) by the Judge and prosecutor in the underlying criminal trial. But those statements, and any alleged "unfair" treatment received, were not made or given at the hands of the City of Brooklyn. They were - as discussed at length by Plaintiffs in their numerous filings - made or given by the Judge and the state prosecutor.

Plaintiffs make a vague argument about the statute of limitations not running on their "unfair trial" claims while the criminal conviction remains standing. This does not, however, negate the fact that no such Cause of Action is currently before the Court, and that the alleged "claims" have not been made against the proper parties. Nor is this "new" evidence, because it is an argument that has been readily available to Plaintiffs throughout this case and has nothing to do with the ruling issued by the Court of Appeals regarding the trial court's improper exclusion of evidence and the Court of Appeals' reversal and remand Order. Again, this is simply an attempt by Plaintiffs' to belatedly make an argument *never raised in the first instance*. And yet again, Plaintiffs cannot be permitted to utilize the ruling issued by the Court of Appeals as a means by which to file an opposition - and to make new

---

[4]     As the Court has previously and repeatedly informed Plaintiffs and their counsel, this Court does not act as a super Court of Appeals to review the validity of evidentiary and other rulings made by a state trial court. Only if presented in the context of a habeas corpus proceeding under 28 U.S.C. § 2254, <u>after</u> exhaustion of all available state remedies, and only where any "error" by the state trial judge resulted in a deprivation of a constitutional right, would this Court have the authority to second-guess trial rulings made in a state criminal proceeding.

arguments - that were due over four months ago.

> **Argument F (City of Brooklyn)**:    **The Brooklyn Defendants are entitled to judgment as a matter of law on Plaintiffs' equal protection claim.**

In response to this argument raised by the City of Brooklyn in its Cross-Motion for Summary Judgment, Plaintiffs contend - for the first time - that "the protected class to which Plaintiffs belong is that of private citizens who agree to be videotaped while shopping with a valid membership card at a merchant's place of business." *See Plaintiffs' Motion for Leave to File Opposition to Defendant City of Brooklyn's Cross Motion for Summary Judgment as Moot - Instanter*, p. 9. Setting aside whether *any* court in the country has <u>ever</u> recognized such a class of persons as being entitled to equal protection under the United States Constitution, once again Plaintiffs have attempted to raise arguments that were readily available to them as of June 2, 2006 when their Memorandum in Opposition was due. The mere fact that they neglected to raise this argument in their Response to the City of Brooklyn's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment does not mean they get a second bite at the apple.

This argument is not related to "new" evidence, nor does it have anything to do with the ruling issued by the Ohio Court of Appeals. It is yet another attempt by Plaintiffs to conjure up new arguments and facts that could have been - and should have been, if at all - raised in an opposition to the Cross-Motion filed by the City of Brooklyn (or, at the very least, in Plaintiffs' Response to the City of Brooklyn's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment). It bears repeating: Plaintiffs cannot be permitted to utilize the ruling issued by the Court of Appeals as a means by which to file an opposition - and to make new arguments - that were due over four months ago.

12

**Arguments G through L (City of Brooklyn)**

Plaintiffs' responses to each of these arguments raised by the City of Brooklyn in its Cross-Motion for Summary Judgment (not detailed here) are, once again, attempts to "enhance" prior arguments or to raise new arguments never made in the first instance.  There is simply no basis - in law or fact - for the Court to allow Plaintiffs to file an extremely belated Memorandum in Opposition simply to fix defects in prior arguments.

In sum, because Plaintiffs' have not provided any legal rationale or authority for their excessively late request for leave to file an opposition - most of which raises arguments never made in the first instance, or has no relation whatsoever to the ruling issued by the Court of Appeals - Plaintiffs' request is **DENIED**.  The Court will regard the Cross-Motion for Summary Judgment filed by the City of Brooklyn as **unopposed**.

## III.  PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENT TO OPPOSITION TO DEFENDANT SAM'S CLUB'S CROSS-MOTION AND MOTION FOR SUMMARY JUDGMENT AS MOOT - INSTANTER

Like the City of Brooklyn, Defendant Sam's Club filed its partial Cross-Motion for Summary Judgment on May 3, 2006.  Pursuant to Local Rule 7.1(d), Plaintiffs were required to file their Memorandum in Opposition within thirty days (*i.e.*, on or about June 2, 2006).  Plaintiffs never filed a Memorandum in Opposition, nor did they file any other document entitled "response" or "reply" to the partial Cross-Motion filed by Sam's Club.  Plaintiffs likewise did not seek additional time in which to respond to the partial Cross-Motion.  Rather, they simply contended - in their Response to Sam Club's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment - that the Court did not have jurisdiction to rule on the partial Cross-Motion.  *See* Fn.1, *supra.*

Because Plaintiffs **did not file an opposition in the first instance** to the partial Cross-Motion

13

filed by Sam's Club, their request for leave to "supplement" their opposition misstates Plaintiffs' prior filing.  What Plaintiffs really are asking for here, as with their request for leave to file an Opposition to the Brooklyn Defendant's Cross-Motion for Summary Judgment, is a chance to file an extremely belated opposition in the first instance.

The partial Cross-Motion for Summary Judgment filed by Sam's Club, unlike the Cross-Motion for Summary Judgment filed by the City of Brooklyn, focuses solely on Plaintiffs' Section 1983 claims of wrongful arrest and excessive force, and Plaintiffs' claims regarding an alleged "unfair trial."  In requesting leave to file a belated opposition to the partial Cross-Motion, Plaintiffs - once again - insist that the Ohio Court of Appeals' ruling regarding the trial court's improper exclusion of the videotape, and the Court of Appeals' reversal and remand Order, "moots" Sam's Club's request that Plaintiffs' Section 1983 claims (and Plaintiffs' claims regarding an alleged unfair trial) be dismissed.

Plaintiffs further allege that Sam's Club never addressed Plaintiffs' arguments - made for the first time by Plaintiffs in an improper "supplement" to their Motion for Summary Judgment, which the Court warned would be disregarded - with respect to an alleged "suppression of the security surveillance videotape."  Plaintiffs contend, in their Motion for Leave, that the Court of Appeals' ruling regarding the trial court's improper exclusion of the videotape is underline actually a finding that the individual defendants in this case - who had no involvement whatsoever in prosecuting the state criminal charges - somehow "suppressed" evidence.  Plaintiffs go even further and allege that this so-called "finding" by the Court of Appeals creates a presumption - and an adverse inference - that: (1) the videotape would have benefitted Plaintiffs; (2) Plaintiffs' were prejudiced by the state criminal trial; and, (3) Plaintiffs' version of the facts are true as to lack of probable cause and excessive force.

The Court first addresses Plaintiffs' argument that they should be granted leave to file a belated

14

opposition because the ruling issued by the Court of Appeals "moots" Sam's Club's partial Cross-Motion as it relates to the requested dismissal of Plaintiffs' Section 1983 claims for wrongful arrest and excessive force.  The Court notes that Plaintiffs have - once again - failed to disclose several critical facts to the Court, including that: (1) the Order issued by the Ohio Court of Appeals reversed and **remanded the criminal case back to the state trial court**; and, (2) the State is in the process of investigating the matter for retrial.

As discussed previously, although the Court has exercised judicial restraint throughout this case with respect to Plaintiffs' insistence on pursuing obviously premature Section 1983 claims, it should not be forgotten that this Court has the authority to *sua sponte* dismiss any claim - including a Section 1983 claim - that is the subject of pending state court proceedings under the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  This applies equally to Section 1983 claims that, if successful, would necessarily **imply the invalidity of a __future__ conviction** on a pending criminal charge.  *See Wolfe v. Perry*, 412 F.3d 70 (6th Cir. 2005).  The reversal and remand Order issued by the Ohio Court of Appeals has no impact whatsoever on this authority, other than to indicate that state court criminal proceedings are - indeed - still ongoing.  Because of this, Sam's Club's request for dismissal of Plaintiffs' Section 1983 claims of wrongful arrest and excessive force are not "mooted," and its (unopposed) partial Cross-Motion has merit.

With respect to Plaintiffs' arguments relating to an "unfair trial" and "suppression of evidence," the Court briefly repeats what was discussed earlier.  Contrary to the meaning given by Plaintiffs to the ruling issued by the Court of Appeals, that court ***did __not__ make any findings whatsoever*** relating to the alleged "suppression of evidence" by any party.  The Court of Appeals merely found that the trial court improperly excluded - not suppressed - evidence due to chain of custody concerns (*i.e.*, that the trial

15

court erred in making a determination regarding the admissibility of that particular piece of evidence). Plaintiffs' request, therefore, for leave to file a much belated opposition to the partial Cross-Motion filed by Sam's Club on the *clearly erroneous* belief that the Court of Appeals found there was a "deliberate suppression of evidence," and that this somehow creates a favorable presumption for Plaintiffs, is not well taken.

Finally, as to Plaintiffs' argument that they should be granted leave to file a belated opposition to Sam's Club's request for dismissal of Plaintiffs' "unfair trial" claims, it has been explained to Plaintiffs *time and again* throughout this case that they have no pending Cause of Action relating to their alleged claims of "lack of a fair trial before an impartial judge." The Court, therefore, has no claim before it which it would - or should - consider.[5]  Moreover, even if such a Cause of Action was legally sustainable in this Court at this time, it would **not** be properly asserted against Sam's Club for the obvious reason that Sam's Club had no involvement in the prosecution of the state criminal charges, and was not a party to those proceedings.  It is obvious to the Court that Plaintiffs are dissatisfied with the alleged treatment (and statements made) by the Judge and prosecutor in the underlying criminal trial. But those statements, and any alleged "unfair" treatment received, were not made or given at the hands of Sam's Club.  They were - as discussed at length by Plaintiffs in their numerous filings - made or given by the Judge and the state prosecutor.

Since no reason whatsoever has been offered by Plaintiffs as to why this Court should allow Plaintiffs to attempt to rebut - for the first time - the arguments made by Sam's Club in its partial Cross-Motion for Summary Judgment filed *more than five months ago*, the Court finds that Plaintiffs' Motion for Leave as it relates to Sam's Club's partial Cross-Motion for Summary Judgment is untimely and not

---

[5] *See* Fn.4, *infra*.

well-taken.  For the same reasons - procedurally and substantively - discussed previously with respect to the Motion for Leave to file an opposition to the Cross-Motion filed by the City of Brooklyn, Plaintiffs' Motion for Leave to file an opposition to the partial Cross-Motion filed by Sam's Club is **DENIED**.  The Court will regard the partial Cross-Motion filed by Sam's Club as **unopposed**.

With respect to Plaintiffs' request to supplement their prior response to the separate Motion for Summary Judgment filed by Sam's Club (on the claims not addressed in its partial Cross-Motion), Plaintiffs have not cited to any civil rule, or legal standard, under which they bring their Motion for Leave to Supplement.  Indeed, Rule 15 of the Federal Rules of Civil Procedure addresses supplementation of ***pleadings***, not dispositive motions.  Nevertheless, the standard articulated in Rule 15 has been applied to motions seeking leave to supplement filings other than pleadings (*e.g.*, expert reports, motions for summary judgment).  The well-established standard is that leave to amend or supplement a pleading "shall be freely given" after a responsive pleading has been filed, <u>when</u> justice so dictates (and upon such terms as are just).  *See* Fed. R. Civ. P. 15(a), (d).

Applying this standard to Plaintiffs' Motion to Supplement, the Court finds that justice does <u>not</u> dictate that supplementation be allowed here.  The Court finds Plaintiffs' Motion is not a request to supplement in order to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," as much as it is a request to continue summary judgment proceedings (which Plaintiffs themselves insisted on commencing), and assert arguments never made in the first instance.

Plaintiffs' entire supplement to their prior response to Sam's Club's Motion for Summary Judgment contains yet another lengthy discussion of alleged suppression of evidence.  Notwithstanding

that a Cause of Action for spoliation of evidence has never been pled in this case[6], these are arguments Plaintiffs previously made in their original response.  Plaintiffs, therefore, have not come forward with "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Rather, they now claim - for the first time - that the entire "nexus" for each of the claims asserted by Sam's Club in its separate Motion for Summary Judgment is "the improper suppression of the security surveillance videotape," and that Sam's Club never addressed (in its response to Plaintiffs' Motion for Summary Judgment) the alleged "due process violation" that arose from this suppression.  *See Plaintiffs' Motion for Leave to File Supplement to Opposition to Defendant Sam's Club's Cross-Motion and Motion for Summary Judgment as Moot - Instanter*, p. 9.

Again, setting aside the fact that there is no Cause of Action in this case for a "due process violation" as the result of "suppression of evidence," and setting aside the fact that, as a private actor, Sam's Club had no constitutional obligation to afford any "process" to the Plaintiffs, this argument was clearly available to Plaintiffs the **first time** they responded to the separate Motion for Summary Judgment filed by Sam's Club.  That Plaintiffs decided, *four months later*, to assert this argument is not grounds for leave to supplement.  There is simply no basis - in law or fact - for the Court to allow Plaintiffs to file an extremely belated "supplement" to their original Response to Sam's Club's Motion for Summary Judgment to fix defects in prior arguments, or to assert an opposition to arguments that

---

[6]     Indeed, as the Court has pointed out in its prior Orders, Plaintiffs attempted to assert their arguments relating to an alleged "suppression of evidence" for the first time in an improper "supplement" to their Motion for Summary Judgment (for which leave was never sought), rather than through a request to amend their Complaint.  The Court, for sound legal reasons, advised Plaintiffs that their "supplement" was wholly improper and would be disregarded by the Court when ruling on Plaintiffs' Motion for Summary Judgment.  Plaintiffs, therefore, do not have any Cause of Action whatsoever pending in this Court which would relate to their arguments of evidence suppression.

18

were overlooked in the first instance.

Plaintiffs would have this Court believe the ruling issued by the Ohio Court of Appeals constitutes "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  This is because Plaintiffs boldly contend that the Court of Appeals "judicially determined" there was a suppression of evidence, and that this "finding" is not disputed.  *See Plaintiffs' Motion for Leave to File Supplement to Opposition to Defendant Sam's Club's Cross-Motion and Motion for Summary Judgment as Moot - Instanter*, pp. 9-10.  As pointed out earlier in this Opinion, however, Plaintiffs are astonishingly off-track.

Sam's Club had nothing to do with the criminal prosecution of Plaintiffs and, therefore, cannot be said to have "deliberately suppressed" evidence in that case.  More importantly, nowhere in the ruling issued by the Ohio Court of Appeals is there any mention of suppression of evidence.  The Court of Appeals merely found that the trial court improperly excluded - not suppressed - evidence due to purported chain of custody concerns.  The Court of Appeals did not, contrary to Plaintiffs' assertions, make any findings as to the ***substance*** of that evidence.  Specifically, the Court of Appeals did **not** address Plaintiffs' allegations of evidence tampering.  Nor did the trial court - or the appellate court - issue any opinion as to claims of alleged "suppression of evidence" as Plaintiff erroneously contends.  Moreover, it is clear from the filings submitted by all of the defendants that any claims relating to an alleged "suppression of evidence" are - indeed - hotly disputed.  The defendants deny that such a claim has ever been asserted in this case, and deny that it is asserted against the proper parties.

The remainder of Plaintiffs' proposed "supplement" to their Response to Sam's Club's separate Motion for Summary Judgment contains oppositions - ***made for the first time*** - in response to the arguments made by Sam's Club regarding Plaintiffs' claims of acting under color of law, civil

19

conspiracy, equal protection, reckless infliction of emotional distress, negligence, respondeat superior, and punitive damages.  Plaintiffs, in their original response, failed to address any of these arguments.  They now, however, claim that the decision of the Court of Appeals regarding "suppression of evidence" impacts Sam's Club's *entire* Motion for Summary Judgment because this finding is the "nexus" for Sam's Club's defenses.  In other words, Plaintiffs assert that <u>but for</u> the suppression of the videotape (as "judicially determined" by the Court of Appeals), it would have been obvious that Plaintiffs' version of events are more accurate than Sam's Club's version and, *a fortiori*, that Sam's Club's defenses are without merit.

Again, there is no basis in law to allow supplementation of Plaintiffs' prior Response to Sam's Club's separate Motion for Summary Judgment, and to allow Plaintiffs to rebut - ***for the first time*** - the arguments made by Sam's Club's in that Motion, for the obvious reason that the Court of Appeals' Opinion does not stand for what Plaintiffs' erroneously believe it does.  Because Plaintiffs' have not provided any legal rationale or authority for their excessively late request to supplement their prior Response to Sam's Club's separate Motion for Summary Judgment - most of which raises arguments never made in the first instance, or has no relation whatsoever to the ruling issued by the Court of Appeals - Plaintiffs' request is **<u>DENIED</u>**.

The Court will not allow Plaintiffs to utilize the supplementation process as a means to address arguments made by Sam's Club over five months ago, but overlooked by Plaintiffs until now.  Plaintiffs' prior response to Sam's Club's separate Motion for Summary Judgment will, therefore, be

regarded by the Court as Plaintiffs' entire opposition.[7]


## IV.     CONCLUSION

In light of the foregoing, it is

**ORDERED THAT** Plaintiffs' Motion for Leave to File Opposition to Defendant City of Brooklyn's Cross Motion for Summary Judgment as Moot - Instanter (Doc. No. 99-1) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs' Motion for Leave to File Supplement to Opposition to Defendant Sam's Club's Cross Motion and Motion for Summary Judgment as Moot - Instanter (Doc. No. 100-1) is **DENIED**.

**IT IS SO ORDERED.**


                                        s/Kathleen M. O'Malley
                                        **KATHLEEN McDONALD O'MALLEY**
                                        **UNITED STATES DISTRICT JUDGE**


**Dated:  December 18, 2006**

---

[7]     This Order is repetitive - highly so at points.  It is not from a lack of editing or creativity, however, that the Court engages in such repetition.  It is, instead, borne out of a desire to get certain points across to Plaintiffs' counsel; it appears that saying things once, or even twice, is insufficient.