**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BRUCE A. JACKIM, et al., | ) | CASE NO.1:05CV1678 |
|  | ) |  |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | MEMORANDUM OPINION |
|  | ) |  |
|  | ) |  |
| CITY OF BROOKLYN, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| DEFENDANTS. | ) |  |

This matter is before the Court upon the motion of Defendants City of Brooklyn, Officer Dan Meadows, and Officer J. Albany (collectively "Brooklyn Defendants") for summary judgment on all remaining claims. (Doc. No. 179.) The motion is fully briefed. For the reasons that follow, Brooklyn Defendants' summary judgment motion is **GRANTED**. This case is dismissed.

**Background**

Bruce Jackim, along with his wife, Plaintiff Nina Jackim, brought suit against Brooklyn Defendants and Sam's East, Inc. (Sam's Club), claiming that Defendants violated their civil rights when they used excessive force in effectuating the Jackims' arrests in a Sam's Club store. Plaintiff raised claims under 42 U.S.C. § 1983, as well as various common law torts.

On March 22, 2007, the Court issued its ruling on the parties' summary judgment motions.[1] In its Memorandum and Order, the Court dismissed Plaintiffs' equal protection claims because no equal rights violation could be sustained on the record presented, and Plaintiffs' *Monell* claims were dismissed for want of evidence of an established custom or policy that resulted in the violation of Plaintiffs' constitutional rights. All claims brought against Defendant Sam's Club were also dismissed on the ground that Sam's Club was not a federal actor.

The Court also dismissed all of Nina Jackim's remaining federal claims, finding that her conviction for attempted disorderly conduct served as a bar to her § 1983 claims of excessive force, unreasonable seizure, and conspiracy brought against Brooklyn Defendants, pursuant to *Heck v. Hemphrey*, 512 U.S. 477 (1994).  In light of its ruling that Nina Jackim could not maintain a cause of action for unreasonable seizure, excessive force, or conspiracy, the Court declined to reach the issue of qualified immunity with respect to Officers Meadows and Albany as to these claims.

As for Plaintiff Bruce Jackim's § 1983 claims brought against Brooklyn Defendants, the Court ruled that his convictions for assault on a police officer and resisting arrest constituted a *Heck* bar to his federal civil rights claims.[2] Recognizing, however, that Bruce Jackim's convictions were still subject to appellate review, the Court stayed consideration of these claims pending the outcome of Bruce Jackim's direct appeal

---

[1] The matter was originally assigned to the docket of the Honorable Kathleen M. O'Malley. On March 23, 2007, Judge O'Malley transferred this case to the docket of the Honorable Sara Lioi.

[2] In addition, the Court dismissed Bruce Jackim's conspiracy claim, to the extent that it was premised on a violation of his right to equal protection.

and/or federal habeas corpus review.[3] Consequently, on November 14, 2008, the Court administratively closed this case.

On June 9, 2010, Brooklyn Defendants filed a motion to reopen this case and return it to the Court's active docket. In their motion, Brooklyn Defendants represented that Bruce Jackim had exhausted his right to appeal his criminal convictions, and that his convictions had been affirmed.[4]

On June 29, 2010, the Court granted Brooklyn Defendants' motion to reopen, and returned the case to its active docket. At that time, the Court set a briefing schedule for summary judgment on Bruce Jackim's remaining claims.

**Standard**

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. […]

Rule 56(e) specifies the materials properly submitted in connection with a

---

[3] The Court also declined to express an opinion as to Plaintiffs' state law causes of actions against Brooklyn Defendants, electing to wait until Bruce Jackim's convictions were final to determine if the Court would have an independent basis upon which to exercise jurisdiction over the state law claims. Likewise, the Court reserved ruling on the availability of qualified immunity for Officers Meadows and Albany as to the claims brought by Bruce Jackim.

[4] On December 17, 2009, the Eighth District Court of Appeals affirmed Bruce Jackim's convictions. (Doc. No. 178, Ex. B, Opinion and Judgment Entry.) On May 5, 2010, the Ohio Supreme Court declined to entertain Bruce Jackim's request for certiorari review. (*Id.*, Ex. C.) Because Bruce Jackim was not sentenced to any jail time but, instead, received 12 months of community control, he was not entitled to file an application for a writ of habeas corpus. *See Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)); *see also Buck v. Wilson*, 2006 U.S. Dist. LEXIS 43376 (N.D. Ohio June 27, 2006) (individual sentenced to community control was not "in custody" as required to be entitled to file a petition for a writ of habeas corpus).

motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. […] The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

However, the movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252.

Summary judgment is appropriate whenever the non-moving party fails to

make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

**Analysis**

In its initial ruling on summary judgment, the Court found that Bruce Jackim's convictions for assault on a police officer and resisting arrest, should they withstand appellate review, would serve as a bar, under *Heck*, to his §1983 claims for excessive force and unreasonable seizure. Now that Bruce Jackim has exhausted his right to appeal his convictions, Brooklyn Defendants argue that there is no reason for the Court to delay in recognizing the *Heck* bar and dismissing Bruce Jackim's § 1983 claims.

In opposition to summary judgment on these claims, Bruce Jackim argues that any such ruling would be premature because he has filed a Petition for a Writ of Certiorari with the United States Supreme Court, and is planning to file an Application for Executive Clemency with the Ohio Parole Board. According to Bruce Jackim,

because "counsel for the Brooklyn Defendants cannot guarantee to this Court that the Plaintiff's state case will not be sent back to the Ohio Supreme Court […]," the present summary judgment motion is not ripe for adjudication. (Doc. No. 184 at 2.)

The Court finds that the present summary judgment motion is ripe. First, the Court observes that, on October 12, 2010, the United States Supreme Court denied certiorari review. (Doc. No. 187.) Moreover, while the Supreme Court in *Wallace v. Kato* observed that it may be prudent for district courts to stay civil rights proceedings when dismissal would otherwise be appropriate under *Heck* where a plaintiff's criminal case has not ended because his case is still on appeal, 127 S. Ct. 1091, 1098 (2007), there is no requirement that the Court stay a matter until it can "guarantee" that the conviction may never be overturned on a collateral attack. The Court finds that the likelihood of success of Bruce Jackim's request for clemency is too remote to convince the Court to exercise its discretion and continue to stay this action.

1.       *Section 1983 Excessive Force/Unreasonable Seizure*

In its March 22, 2007 Memorandum and Order, the Court ruled that Bruce Jackim's excessive force and unreasonable seizure claims, both brought under 42 U.S.C. § 1983, were subject to the *Heck* bar because for Bruce Jackim to prevail on either claim he would have to invalidate his convictions. (Doc. No. 162, Memorandum & Order, at 14, 21.)

Bruce Jackim does not challenge this determination. Instead, he devotes approximately 21 pages to a fruitless attempt to re-argue the underlying facts that support his convictions, inviting the Court to find that the arresting officer did not have probable

6

cause to effectuate his arrest. He also tries, in vain, to demonstrate that there remain genuine issues of fact because testimony upon which he was convicted was allegedly coerced and perjured, and that the State excluded testimony and the statement of a key government witness. Both approaches represent impermissible collateral attacks, which, in no way, call into question the preclusive effect of the *Heck* bar on Bruce Jackim's § 1983 claims.

As the Court has explained on numerous occasions in this action, neither Plaintiff may use this § 1983 action to collaterally attack state court convictions. The concern for finality and consistency, in addition to the desire to avoid "parallel litigation over the issues of probable cause and guilt" have led to a general aversion to expanding the opportunities to collaterally attack state court convictions. *See Heck*, 512 U.S. at 484-85. "The proper vehicle to challenge a conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. 2254." *Houston v. Buffa*, 2007 U.S. Dist. LEXIS 23532, at *21 (E.D. Mich. Mar. 30, 2007). While Bruce Jackim is free to continue to pursue any post-conviction remedies in state court that may still be available to him, he may not use this federal civil rights action to collaterally attack his state court convictions. *See Heck*, 512 U.S. at 484-85; *Houston*, 2007 U.S. Dist. LEXIS 23532, at *21. The Court, therefore, dismisses Bruce Jackim's § 1983 claims for

excessive force and unreasonable seizure.[5]

2.      *Qualified Immunity*

Brooklyn Defendants also argue that the individual officers are entitled to qualified immunity. The Court previously determined that a qualified immunity analysis need not be applied to the equal protection claims asserted by Plaintiffs, the conspiracy claim asserted by Nina Jackim, or the conspiracy claim asserted by Bruce Jackim to the extent it was premised on either his excessive force or equal protection claim, because these claims were dismissed. (Doc. No. 126 at 37.) In light of the Court's present ruling that Bruce Jackim's § 1983 claims are barred by *Heck*, it need not reach the issue of whether Officers Meadows and Albany are entitled to qualified immunity on these claims.

3.      *State Law Claims*

Having dismissed all of Bruce Jackim's federal claims, the Court finds it appropriate to decline to exercise jurisdiction over the pendent state law causes of action. *See Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992); *Province v. Cleveland Press Publ'g Co*., 787 F.2d 1047, 1055 (6th Cir. 1986). For this reason, the Court need not reach the issue of the availability of immunity under Ohio Rev. Code § 2744.

---

[5] In light of the fact that Bruce Jackim's excessive force and unreasonable seizure have been dismissed, and these were the only remaining civil rights claims that could have supported his conspiracy claim, Bruce Jackim's conspiracy claim is also dismissed. (*See* Doc. No. 126 at 34.)

**Conclusion**

   For all of the foregoing reasons, Brooklyn Defendants' renewed motion for summary judgment (Doc. No. 179) is **GRANTED**. Plaintiff Bruce Jackim's claims for excessive force, unreasonable seizure, and conspiracy, as well as all state claims brought by Bruce and Nina Jackim, are **DISMISSED** without prejudice. As all claims against all defendants have been dismissed, this case is closed.

   **IT IS SO ORDERED**.

Dated: November 29, 2010

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**